**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NORTHEASTERN DIVISION**

**CASE NO:**

LAUREN BOYER, on behalf of herself
and all others similarly situated,

Plaintiff(s),
v.

THE STEEL COOP, LLC,

Defendant.
__________________________________/

**COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, LAUREN BOYER ("Boyer" or "Plaintiff"), on behalf of herself and all others similarly situated, and pursuant to 29 U.S.C. § 216(b), files this Collective Action Complaint for Damages and Demand for Jury Trial against Defendant, THE STEEL COOP, LLC ("TSC" or "Defendant"), for its failure to pay Servers and Bartenders federal minimum wages, as follows:

## INTRODUCTION

1. Plaintiff brings this Collective Action Complaint under the Fair Labor Standards Act ("FLSA"), on behalf of herself and all Servers and Bartenders who work or have worked at The Steel Coop restaurant or Sunset Restaurant that are owned and/or managed by Defendant, TSC, during the applicable statute of limitations. Defendant committed federal wage violations because it (1) failed to provide Servers and Bartenders with statutorily required tip credit notice; (2) compensated Servers and Bartenders at a sub-minimum wage for tipped employees notwithstanding that Servers and Bartenders are required to more than occasionally perform improper types, and/or excessive amounts of non-tipped jobs, and non-serving duties and (3)

requires Servers and Bartenders to surrender a portion of their tips to the restaurant to cover costs associated with any incorrect food orders. As a result, Plaintiff and all similarly situated Servers and Bartenders have been denied federal minimum wages during various workweeks within the relevant time period.

## PARTIES

2. During all times material hereto, Plaintiff was a resident of Cookeville, Tennessee, over the age of 18 years, and otherwise *sui juris.*

3. Plaintiff and the **FLSA putative collective members** are/were restaurant Servers and Bartenders who worked for The Steel Coop restaurant and/or Sunset Restaurant owned and/or operated by Defendant within the last three (3) years.

4. Plaintiff worked for Defendant as a Server and Bartender at The Steel Coop located at 209 South Street in Livingston, Tennessee 38570, from in or around February 2024, through approximately September 9, 2024. When Plaintiff was hired she was also informed that she would be scheduled to work at Sunset Restaurant located at 2040 Sunset Dock Road in Monroe, Tennessee 38573, which is also owned and operated by Defendant.

5. The proposed collective members worked for Defendant in the same capacity as Plaintiff in that they were non-exempt, tipped Servers and/or Bartenders employed by Defendant and subject to the same practices and policies enforced by Defendant at the same restaurant locations.

6. Plaintiff seeks certification of three (3) separate collectives under 29 U.S.C. § 216(b) for violations of the FLSA as follows:

> **<u>Tip Credit Notice Collective</u>: All Servers and Bartenders who worked for Defendant during the three (3) years preceding this lawsuit who did not receive proper notice from Defendant that**

**it would be taking a tip credit toward the required federal minimum wage.**

**<u>Dual Jobs Collective</u>: All Servers and Bartenders who worked for Defendant during the previous three (3) years preceding this lawsuit, who were required to perform more than occasional non-tipped jobs/work and non-serving duties during any shift and were paid a reduced tip credit wage for time spent working such non-tipped jobs/work.**

**<u>Tip Surrender Collective</u>: All Servers and Bartenders who worked for Defendant during the past 3 years, who were required to surrender any portion of their tips.**

7. The precise size and identity of each collective should be ascertainable from the business records, tax records, and/or personnel records of Defendant; however, Plaintiff estimates that the total number of members in each collective exceeds 50 Servers and Bartenders.

8. During all times material hereto, Defendant was a Tennessee limited liability company operating and transacting business within Livingston, Tennessee, within the jurisdiction of this Honorable Court.

9. During all times material hereto, Defendant owned, operated, and controlled the The Steel Coop restaurant located at 209 South Street in Livingston, Tennessee 38570 and the Sunset Restaurant located at 2040 Sunset Dock Road in Monroe, Tennessee 35873.

10. Defendant owns, operates, controls, and enforces the same policies at both of these restaurants.

11. Defendant was the "employer" of Plaintiff and all members of the putative Collectives as that term is defined by the FLSA during all times pertinent to the allegations herein.

12. During all times material hereto, Defendant was vested with control and decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices of

The Steel Coop restaurant located in Livingston, Tennessee, and the Sunset Restaurant located in Monroe, Tennessee.

13. Defendant implements uniform pay, tip, and time-keeping practices at The Steel Coop restaurant and Sunset Restaurant that apply to all Servers and Bartenders and enforces these policies uniformly.

14. Plaintiff and putative collective and class members are/were non-exempt, hourly restaurant Servers and Bartenders.

## **JURISDICTION AND VENUE**

15. This action is brought under 29 U.S.C. § 216(b) to recover damages, reasonable attorney's fees and reimbursable costs from Defendant.

16. The acts and/or omissions giving rise to this dispute took place within Livingston, Tennessee, which falls within the jurisdiction of this Honorable Court.

17. Defendant regularly transacts business and is headquartered in Livingston, Tennessee, where it developed, implemented, and enforced the unlawful policies and practices alleged herein, and jurisdiction is therefore proper.

18. Venue is also proper within the U.S. District Court for the Middle District of Tennessee.

## **FLSA COVERAGE**

19. Defendant is an enterprise covered by the FLSA by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce, in that Defendant had at least two or more employees engaged in commerce or in the production of goods for commerce, or two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

20. During all time periods pertinent hereto, Defendant's employees regularly handled goods and materials such as food, beverages, napkins, silverware, appliances, rice, beer, corona extra, corona light, vodka, Jack Daniels whiskey, meat, chicken, pork, cheese, broccoli, carrots, peas, oil, zucchini, chicken wings, fish, salmon, onions, peppers, shrimp, beef, steak, potatoes, bread, hot sauce, BBQ sauce, buns, jalapenos, celery sticks, tuna, plum tomatoes, cauliflower, taco shells, fajitas, salt, other food items, restaurant equipment, chairs, tables, vacuum cleaners, pens, paper, receipts, computers, credit card processors, staples, toothpicks, flour, sugar, coffee, tea, soda, water bottles, and other goods and materials that had previously travelled through interstate commerce.

21. Defendant had gross annual revenue in excess of $500,000.00 in 2021, 2022, 2023, and is expected to have gross annual revenue in excess of $500,000.00 in 2024.

**DEFENDANT FAILS TO PROVIDE SUFFICIENT NOTICE OF THE TIP CREDIT TO SERVERS AND BARTENDERS**

22. Defendant attempts to credit a portion of the tips earned by Servers and Bartenders toward its federal minimum wage obligations, and, consequently, it compensates Servers and Bartenders in the United States at an hourly rate below the applicable federal minimum wage.

23. Defendant takes a tip credit in the amount of $4.25 per hour for Servers.

24. Defendant takes a tip credit in the amount of $3.25 per hour for Bartenders.

25. However, Defendant fails to provide its Servers and Bartenders with sufficient notice of the tip credit under federal law.

26. During Plaintiff's employment period, Defendant did not: (1) provide the full statutorily required tip notice under federal law; or (2) track the time that Servers and Bartenders spent performing side work and non-tipped duties.

27. Defendant's general manager, Patrick Jones, hired Plaintiff in February 2024.


Case 2:24-cv-00084 Document 1 Filed 12/23/24 Page 5 of 15 PageID #: 5

28. When Plaintiff was hired, she specifically asked Patrick Jones whether there was a tip credit notice she was supposed to receive. Patrick Jones told Plaintiff that the restaurants were not required to provide any such notice to Servers and Bartenders.

29. Patrick Jones performs general management duties at both The Steel Coop and Sunset Restaurant.

30. Plaintiff and the ***Tip Credit Notice Collective*** members are entitled to recover at least the federal minimum wage for each hour spent performing work for Defendant within the past 3 years.

**DEFENDANT REQUIRES PLAINTIFF AND ALL OTHER SERVERS AND BARTENDERS TO MORE THAN OCCASSIONALLY PERFORM IMPROPER TYPES, OR EXCESSIVE AMOUNTS, OF NON-TIPPED JOBS/WORK AND NON-SERVING DUTIES**

31. Defendant claimed a tip credit for all of Plaintiff's work, including during workweeks in which Plaintiff was required to more than occasionally perform improper types of excessive amounts of non-tipped jobs and/or work and non-serving duties.

32. Upon information and belief, Defendant compensated Servers at the reduced wage of $2.25 per hour for their first forty (40) hours of work performed in each of the past 3 years.

33. Upon information and belief, Defendant compensated Bartenders at the reduced wage of $4.00 per hour for their first forty (40) hours of work performed in each of the past 3 years.

34. During their employment period with the Defendant, Plaintiff and members of the putative collectives of Servers and Bartenders were assigned both "opening" shifts and "closing" shifts.

35. Prior to opening the restaurant, for period of approximately 45 continuous minutes – Defendant claimed a tip credit for Plaintiff and all other Servers and Bartenders but required

them to set up the restaurant, clean and prepare tables, organize their respective sections, prepare glassware, cut lemons and limes, restock items, refill containers, brew tea, refill condiments, refill napkins, open server stations, sweep floors, etc. During this set-up time, the restaurant was not open to the public and Servers and Bartenders could not earn tips.

36. When working the "closing" shift, Plaintiff and all other similarly situated Servers and Bartenders are required to remain at the restaurant after the kitchen is closed and all customers have left for at least 1 hour, a time period during which Servers and Bartenders could not earn tips.

37. During closing shifts, Defendant attempted to claim a tip credit for Plaintiff and every other Server and Bartender but required all Servers and Bartenders to perform side-work and non-tipped duties, including but not limited to, cleaning tables, sweeping, cleaning soda machines, changing ice, emptying cups, rolling silverware, sweeping, putting away glassware, etc.; while Servers and Bartenders were not able to earn tips because the restaurant was closed to the public.

38. Throughout opening and closing shifts, Plaintiff and the putative collective members were required to perform the same "non-tipped" duties and side work as outlined in the preceding paragraphs.

39. At a minimum, Defendant required Plaintiff and all other Servers and Bartenders to more than occasionally perform improper types of excessive amounts of non-tipped jobs and/or work and non-serving duties.

40. Plaintiff and the ***Dual Jobs Collective*** members are entitled to recover at least federal minimum wage for each hour where they were required to more than occasionally perform improper types of excessive amounts of non-tipped jobs and/or work and non-serving duties.

**DEFEENDANT REQUIRES SERVERS AND BARTENDERS TO SURRENDER PORTIONS OF THEIR TIPS TO COVER COSTS ASSOCIATED WITH ORDERS THAT ARE INCORRECTLY PLACED WITH THE KITCHEN**

41. During all times material hereto, Defendant required Servers and Bartenders to surrender portions of their tips to cover any costs associated with orders that were incorrectly placed with the kitchen.

42. Accordingly, employers are forbidden from taking a tip credit when they compel tipped employees to surrender any portion of their tips to management to cover these costs.

43. Plaintiff and the ***Tip Surrender Collective*** members are entitled to recover at least federal minimum wage for the time spent working within the past 3 years when this unlawful policy was enforced.

44. During their employment, Plaintiff and one or more members of the class complained about the illegal practices above; however, Defendant took no action to stop its illegal pay practices.

45. More specifically, Plaintiff verbally complained about these practices to management on more than one occasion, and refused to surrender any portion of her tips, and was terminated for opposing this unlawful policy.

46. Although Defendant was aware of the requirements of the FLSA, and the pertinent regulations thereto, Defendant willfully and/or intentionally failed to pay Plaintiff and the putative collective members in accordance with federal law.

**COUNT I – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS (TIP CREDIT NOTICE COLLECTIVE)**

47. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 46 as though set forth fully herein.

48. Plaintiff was entitled to be paid the full federal minimum wage in one or more workweeks for certain hours worked during her employment with Defendant.

49. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover federal minimum wages for herself and the following similarly situated Tip Credit Notice Collective:

> **<u>Tip Credit Notice Collective</u>: All Servers and Bartenders who worked for Defendant during the three (3) years preceding this lawsuit who did not receive proper notice from Defendant that it would be taking a tip credit toward the required federal minimum wage.**

50. Defendant attempted to rely on the FLSA's tip credit but failed to provide Plaintiff and all other Servers and Bartenders with requisite verbal or written notice of the tip credit required under federal law.

51. Defendant fails to provide the required federal tip credit notice to Servers and Bartenders.

52. Plaintiff and the putative collective of Servers and Bartenders are therefore entitled to receive the full federal minimum wage at the rate of $7.25 per hour for every hour of work within the previous three (3) years.

53. Defendant knew Plaintiff had performed work but willfully failed to pay Plaintiff the full federal minimum wage, contrary to the FLSA.

54. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of federal minimum wages for one or more weeks of work during her employment with Defendant.

55. Defendant's willful and/or intentional violations of law entitle Plaintiff to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, LAUREN BOYER, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, THE STEEL COOP, LLC, and award Plaintiff, and all others similarly situated: (a) unliquidated federal minimum wage damages to be paid by Defendant; (b) the tip credit unlawfully claimed by Defendant; (c) liquidated damages to be paid by Defendant; (d) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendant; and any and all such further relief as this Court deems just and reasonable under the circumstances.

**COUNT II - COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS**
**(DUAL JOBS COLLECTIVE)**

56. Plaintiff hereby re-aver Paragraphs 1 through 46 as though set forth fully herein.

57. Plaintiff and all other similarly situated Servers and Bartenders are/were entitled to be paid full federal minimum wage for certain hours worked during their employment with Defendant.

58. Defendant attempted to claim a tip credit for each hour of work for Plaintiff and all other Servers and Bartenders during all times material hereto.

59. However, Defendant commonly required Servers and Bartenders to perform more than occasional non-tipped jobs/work and non-serving duties.

60. Plaintiff and the proposed collective members were subjected to similar violations of federal law as a result of the Defendant attempting to claim a tip credit and requiring all Servers and Bartenders to perform more than occasional non-tipped jobs/work and non-serving duties.

61. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover of federal minimum wages for herself and the following similarly situated 80/20 Collective:

> **Dual Jobs Collective: All Servers and Bartenders who worked for Defendant during the previous three (3) years preceding this lawsuit, who were required to perform more than occasional non-tipped jobs/work and non-serving duties during any shift**

**and were paid a reduced tip credit wage for time spent working such non-tipped jobs/work.**

62. Defendant willfully failed to pay Plaintiff and the putative collective members the full federal minimum wage for one or more weeks of work.

63. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the collective members have been damaged in the loss of federal minimum wages for one or more weeks of work during their employment with Defendant.

64. Defendant's willful and/or intentional violations of entitle Plaintiff and the putative collective members to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, LAUREN BOYER, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, THE STEEL COOP, LLC, and award Plaintiff, and all others similarly situated: (a) unpaid federal minimum wages; (b) the tip credit unlawfully taken by Defendant; (c) an equal amount of liquidated damages; (d) all reasonable attorney's fees and litigation costs permitted under the FLSA; and any and all such further relief as the Court deems just and reasonable under the circumstances.

**COUNT III – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS (TIP SURRENDER COLLECTIVE)**

65. Plaintiff re-alleges and re-avers Paragraphs 1 through 46 as though fully set forth herein.

66. Defendant attempted to claim a tip credit under federal law for each hour of work performed by Plaintiff and all other Servers and Bartenders employed at Defendant's restaurants.

67. Defendant required Plaintiff and other Servers and Bartenders working at the restaurant to surrender tips to cover the costs of orders that are incorrectly placed with the kitchen.

68. Plaintiff and all other similarly situated Servers and Bartenders are/were entitled to be paid full federal minimum wage for hours worked during their employment with Defendant.

69. As a result of this unlawful tip surrender policy, the Defendant forfeits any tip credit that it took during the relevant time period.

70. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover federal minimum wages for herself and the following similarly situated Tip Surrender Collective:

> **Tip Surrender Collective: All Servers and Bartenders who worked for Defendant during the past 3 years, who were required to surrender any portion of their tips.**

71. Defendant violated the FLSA because it required Servers and Bartenders to surrender portions of their tips to cover costs associated with orders that were incorrectly placed with the kitchen.

72. Because Plaintiff and all other similarly situated employees were required to surrender portions of their tips to the restaurant, Defendant is not permitted to take the applicable tip credit under federal law.

73. Defendant's willful and/or intentional violations of the FLSA entitle Plaintiff and the putative collective members to an additional amount of liquidated, or double, damages.

74. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the collective members have been damaged in the loss of federal minimum wages for one or more weeks of work.

WHEREFORE, Plaintiff, LAUREN BOYER, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, THE STEEL COOP, LLC, and award Plaintiff, and all others similarly situated: (a) unpaid federal minimum wages; (b) the tip credit unlawfully taken by Defendant; (c) an equal amount of liquidated damages; (d) all reasonable attorney's fees and litigation costs permitted under the FLSA; and any and all such further relief as the Court deems just and reasonable under the circumstances.

## COUNT IV – FLSA RETALIATION

75. Plaintiff re-alleges and re-avers Paragraphs 1 through 46 as though fully set forth herein.

76. Defendant employed Plaintiff for a period of approximately 7 months.

77. During this time period, Plaintiff always performed at a high level and had no history of disciplinary action.

78. Plaintiff never received any negative job performance reviews, customer complaints, or write-ups.

79. In early September 2024, during one of Plaintiff's shifts, another one of Defendant's General Managers, Jared Varnadoe ("Mr. Varnadoe"), verbally instructed Plaintiff to surrender a portion of her tips to pay for an incorrect order that was placed with the kitchen.

80. Mr. Varnadoe advised Plaintiff that this was a policy enforced in the restaurant which applied to all Servers and Bartenders and that no exception would be made for Plaintiff.

81. Plaintiff objected to surrendering any of her tips and complained to Mr. Varnadoe that this policy was a violation of the FLSA and that the Defendant could not require her to surrender her tips to the restaurant to cover these costs for the restaurant's benefit.

82. In direct response to Plaintiff's complaint, Mr. Varnadoe, acting on behalf of Defendant, terminated Plaintiff's employment for submitting this complaint.

83. Defendant cannot provide any other reason or justification for Plaintiff's termination and any such other reason is merely pretext for Defendant's true motivation.

84. As a direct result of Defendant's unlawful termination of her, the Plaintiff has suffered damages including loss back wages, lost front wages, emotional distress, pain and suffering, embarrassment, and loss of reputation, in an amount to be proven at trial.

85. Following her unlawful termination, Plaintiff attempted to mitigate her damages.

86. Defendant knew or should have known that its termination of Plaintiff for submitting a complaint about FLSA violations was a violation of the FLSA and therefore engaged in willful and/or intentional violations of federal law.

WHEREFORE, Plaintiff, LAUREN BOYER, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, THE STEEL COOP, LLC, and award Plaintiff: (a) lost back wages; (b) lost front wages; (c) damages sustained for emotional distress, pain and suffering, embarrassment, and loss of reputation; (d) an equal amount of liquidated damages; (e) all reasonable attorney's fees and litigation costs permitted under the FLSA; and any and all such further relief as the Court deems just and reasonable under the circumstances

**DEMAND FOR JURY TRIAL**

Plaintiff, LAUREN BOYER, on behalf of herself and each collective demands a trial by jury on all appropriate claims.

Dated: December 23, 2024

Respectfully Submitted,

**/s/ BURKE KEATY**
R. Burke Keaty, II, BPR#027342
**MORGAN & MORGAN – NASHVILLE, PLLC**
810 Broadway, Suite 105
Nashville, TN 37203
(615) 514-4205
E-mail: bkeaty@forthepeople.com
*Local Counsel for the Plaintiffs*

C. Ryan Morgan, Esq. *(Pro Hac Vice forthcoming)*
FL Bar No.: 0015527
MORGAN & MORGAN, P.A.
20 N. Orange Ave., 15th Floor
Orlando, FL 32802-4979
Telephone: (407) 420-1414

E-mail: RMorgan@forthepeople.com

Jordan Richards, Esq. *(Pro Hac Vice forthcoming)*
FL Bar No.: 108372
USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS PLLC
1800 SE 10th Ave., Suite 205
Fort Lauderdale, FL 33316
Telephone: (954) 871-0050
E-mail: jordan@jordanrichardspllc.com
michael@usaemploymentlawyers.com

***Counsel for the Plaintiff(s)***