**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| LAUREN BOYER, on behalf of herself and all others similarly situated, | ) | |
| Plaintiff(s), | ) | |
| v. | ) | **CASE NO: 2:24-cv-84** |
| THE STEEL COOP, LLC, | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on the Plaintiff's Agreed Motion to Approve Collective Action Settlement Agreement ("Motion"). (Doc. No. 27 and 29). The Court having reviewed in detail and considered the Motion and memorandum in support of the Motion, the Stipulated Collective Action Settlement Agreement ("Settlement Agreement") between Plaintiff, LAUREN BOYER ("Plaintiff"), and Defendant, THE STEEL COOP, LLC ("Defendant") ("the Parties"), and all other papers that have been filed with the Court related to the Settlement Agreement, including all exhibits and attachments to the Motion and the Settlement Agreement, rules as follows:

1. Capitalized terms used in this Order that are not otherwise defined herein have the same meaning assigned to them as in the Settlement Agreement.

2. The terms of the Settlement Agreement are approved as fair, reasonable, and adequate. There is good cause to find that the Settlement Agreement was negotiated at arms-length and in good faith between the Parties, who were represented by experienced collective action counsel familiar with the legal and factual issues of this case.

3. Based on this evaluation, the Court approves the Settlement Agreement for settlement purposes only.

4. The Court hereby certifies for the purposes of settlement only, the following Settlement Collective consisting of:

> **Settlement Collective: All Servers and Bartenders employed by Defendant from December 23, 2021, to April 15, 2025, who worked for The Steel Coop in Livingston, Tennessee, and/or Sunset Restaurant in Monroe, Tennessee.**

5. For settlement purposes only, Plaintiff, LAUREN BOYER, is appointed as Collective Representative.

6. For settlement purposes only, the following counsel are hereby appointed as Counsel for the Collective:

Jordan Richards, Esq.
USA Employment Lawyers
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
Tel: (954) 871-0050
jordan@jordanrichardspllc.com

C. Ryan Morgan, Esq.
Morgan & Morgan, P.A.
20 N. Orange Ave. 14th Floor
Orlando, Florida 32801
Tel: (407) 420-1414
cmorgan@forthepeople.com

R. Burke Keaty, II, Esq.
Morgan & Morgan – Nashville, PLLC
801 Broadway, Suite 105
Nashville, Tennessee 37203
Tel: (615) 514-4205
bkeaty@forthepeople.com

7. The Court approves the proposed plan for giving Notice to the Settlement Collective as fully described in the Settlement Agreement. The plan for giving Notice, in form, method, and content, provides due and sufficient notice to all persons in the Settlement Collective.

8. ILYM Group, Inc. will supervise and administer the notice process and is hereby appointed the Settlement Administrator. The Settlement Administrator may proceed with the distribution of the Notice as set forth in the Settlement Agreement. The Court hereby directs the Parties and Settlement Administrator to complete all aspects of the Notice plan within 60 days of the date of this Order.

9. Settlement Collective Members who wish to receive benefits under the Settlement Agreement must complete and submit a valid Claim Form in accordance with the instructions provided in the Notice. The Court hereby approves as to form and content the Claim Form and Notice attached to the Settlement Agreement as Exhibits A and B.

10. All Claim Forms must be either mailed via U.S. Mail to the address specified in the Claim Form or be electronically submitted to the Settlement Administrator via e-mail within 60 days of the Claims Administrator sending the Notice. Settlement Collective Members who do not timely submit a Claim Form deemed to be valid in accordance with the Settlement Agreement shall not be entitled to receive any portion of the Settlement Fund.

11. Addresses for Counsel for the Collective, Defendants' Counsel, and the Settlement Administrator, are as follows:

**Counsel for the Collective:**

Jordan Richards, Esq.
USA EMPLOYMENT LAWYERS
JORDAN RICHARDS, PLLC
Fort Lauderdale, FL 33316
Ph: (954) 871-0050
jordan@usaemploymentlawyers.com

C. Ryan Morgan, Esq.
MORGAN & MORGAN, P.A.
20 N. Orange Ave. 14th Floor
Orlando, Florida 32801
Ph: (407) 420-1414
cmorgan@forthepeople.com

R. Burke Keaty, II, Esq.
MORGAN & MORGAN – NASHVILLE, PLLC
801 Broadway, Suite 105
Nashville, Tennessee 37203
Ph: (615) 514-4205
bkeaty@forthepeople.com

**Defendants' Counsel:**

Howard Jackson, Esq.
FORD HARRISON
150 3rd Ave. South, Suite 2010
Nashville, Tennessee 37202
Ph: (615) 574-6702
hjackson@fordharrison.com

**Claims Administrator**

ILYM Group, Inc.
2832 Walnut Street Suite C
Tustin, California 92780

12. The Court has determined that the Notice given to the Settlement Collective Members, in accordance with the Settlement Agreement, fully and accurately informs Settlement Collective Members of all material elements of the Settlement and constitutes the best notice practicable under the circumstances; is reasonably calculated, under the circumstances, to apprise the Settlement Collective Members of the pendency of the Action and their rights; is reasonable, and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice.

13. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The Court approves the payments to those Settlement Collective Members that submit valid Claims Forms in accordance with the Settlement Agreement.

14. The Court approves payment of attorneys' fees to Counsel for the Collective in the amount of $158,333.17, and payment of costs and expenses to Counsel for the Collective in the amount of $2,528.91. These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Counsel for the Collective in support of final approval of the Settlement and their request for attorneys' fees, costs and expenses and in response to any timely filed objections thereto, finds the award of attorneys' fees, costs and expenses appropriate and reasonable for the following reasons: First, the Court finds that the Settlement provides substantial benefits to the Settlement Collective. Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Counsel for the Collective. Third, the Court concludes that the Settlement was negotiated in good faith at arms-length without collusion, and that the negotiation of the attorneys' fees only followed agreement on the settlement benefits for the Settlement Collective Members. Finally, the Court notes that the Notice specifically and clearly advises the Settlement Collective that Counsel for the Collective would seek an award up to the amount sought.

15. The Court approves the incentive award and individual payment to Plaintiff, Lauren Boyer, in the amount of $10,000.00 (Ten Thousand Dollars) for consideration for a mutual general release, and specifically finds such amount to be reasonable. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

16. The Court finds that ILYM Group, Inc. has the necessary experience and qualifications to serve as Settlement Administrator in this case and approves the payment of settlement administration costs in the amount of $6,392.91 to ILYM Group, Inc. for Settlement Administration Expenses, which shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

17. The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all Exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Approval Order and do not limit the rights of the Settlement Collective Members.

18. Without affecting the finality of this Final Approval Order for purposes of appeal, the Court retains jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and the Final Approval Order, and for any other necessary purpose.

19. The Court dismisses the Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement).

IT IS SO ORDERED.

**WAVERLY D. CRENSHAW, JR.**
**UNITED STATES DISTRICT JUDGE**